## GEREN v. COURTS TRADING CO.

No. 14603—Opinion Filed May 13, 1924.

1. **Sales — Action by Buyer for. Damages from Defective Seed—Statute.**

In an action for damages growing out of

the sale of faulty or defective seed for agricultural planting it is not necessary to plead section 3793, Comp. Stat. 1921, in order to obtain the benefits under it, and where the petition alleges facts of faulty or defective seed in the sale for agricultural planting and damages, and the evidence is sufficient to prove the facts, it is not error for the court to apply the statute in charging the jury.

**2. Same.**

Section 3793, Comp. Stat. 1921, renders persons selling faulty or defective seed for agricultural planting purposes liable for such damages as the purchaser may sustain by reason of the sale of such seed, whether there has been a compliance by the vendor with the other provision of article 11, chapter 20, Comp. Stat. 1921, or not.

**3. Same.**

This construction does not render said section inconsistent with the other provisions of the act of which it is a part nor unconstitutional because there is nothing in the title of the act showing intention to enact a law creating a general liability upon persons selling agricultural seeds.

**4. Same—Warranty and Breach — Instructions.**

Where the petition pleads facts showing breach of warranty as well as violation of section 3793, Comp. Stat. 1921, in the sale of seed for agricultural planting, and the proof is sufficient to establish the facts for damages under said section, and the court instructs the jury, applying the statute as above stated, it is not error to refuse to give a special instruction asked for by the defendant defining warranty in the sale of chattels.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, LeFlore County; E. F. Lester, Judge.

Action by Courts Trading Company against C. N. Geren. Judgment for plaintiff, and defendant brings error. Affirmed.

R. P. White and L. V. Reid, for plaintiff in error.

Geo. M. Porter, John L. Fuller, Harry P. Dailey, John P. Wood, T. T. Varner, and Katy B. Taylor, for defendant in error.

Opinion by THREADGILL, C. The defendant in error, as plaintiff, commenced this action in the district court of LeFlore county against plaintiff in error, as defendant, to recover on a breach of warranty the sum of $3,000, the price paid for cotton seed, and $57.68, freight charges, and $1,000 damages for loss of profits in selling of said seed. For convenience the parties will be referred to as they appeared in the court below. The petition alleged, in substance, that plaintiff was a corporation under the laws of Oklahoma and engaged in a general mercantile business at Quinton and Kinta; that the defendant is engaged in general grain, seed, and produce business and "owns and operates a farm in LeFlore county in which he grows cotton and obtains cotton seed therefrom of his own growth and cultivation which he sells for planting and other purposes." That in the spring of 1920 it purchased from defendant 1,000 bushels of Rouden cotton seed at the price of $3,000 cash, which it paid upon the representations of the defendant that the seed were number one seed and suitable for planting purposes; that the defendant knew that plaintiff purchased the seed for the purpose of retailing them to the farmers for planting in cotton farming; that it paid the freight charges in the sum of $57.68; that it sold some of the said seed to the farmers, and they proved to be worthless as germinating seed, and where it had sold the seed to farmers it had to refund the money paid, and the 1,000 bushels of seed were worthless to the plaintiff, and it offered to return all seed not sold and demanded the return of the $3,000 paid for the seed and the freight charges, which offer was rejected by the defendant.

For a second cause of action plaintiff stated that it paid $3 a bushel for the seed, wholesale, for the purpose of its retail trade, and they were worth and were selling at $4 a bushel, retail, which would give the plaintiff a $1,000 profit, and which plaintiff lost by reason of the said seed being unfit for planting purposes, and the plaintiff asks for damages for this loss in the sum of $1,000. The defendant answered by general denial. On March 3, 1923, the issues were tried to a jury and resulted in a judgment in favor of the plaintiff. The defendant filed motion for new trial which being overruled by the court it brings the case by petition in error and case-made for review.

The testimony in the case shows that the plaintiff bought the seed from the defendant for the purposes alleged in the petition; that the defendant represented the seed to be first class seed for planting and germinating; that the plaintiff had examined a sample of the seed taken from the bin from which it subsequently ordered by letter the 1,000 bushels, and the sample was satisfactory, but the seed upon his order did not come up to the sample and were not satisfactory;

that the test made in the agricultural laboratory in Stillwater showed that more than half of the seed were incapable of germination and worthless for cotton planting. The testimony further showed that the plaintiff notified the defendant of these conditions and offered to return the seed it had failed to sell and asked for the return of the $3,000 it had paid, and the freight charges, and the defendant rejected the offer.

The testimony further showed that the seed if they had been suitable for planting were worth in the retail market $4 a bushel where the plaintiff offered them for sale. These facts were undisputed by the defendant.

1. The defendant complains that the court erred in giving the jury the following instructions:

"You are instructed that all persons selling seed for agricultural planting purposes which are faulty or defective shall be liable in damages in such sum as the purchaser may sustain. If, therefore, you find by a fair preponderance of the evidence that C. N. Geren, the defendant, sold to the Courts Trading Company of Quinton, Oklahoma, 1,000 bushels of cotton seed to be used for planting purposes in the State of Oklahoma, and the plaintiff paid the defendant therefor and that the said defendant was advised that the seed were to be used for agricultural planting purposes in the State of Oklahoma, and said seed were faulty or defective and would not germinate or come up, and were unsuitable for agricultural planting purposes, then you are instructed that you should return a verdict for the plaintiff for such sum as you may find by a fair preponderance of the evidence that the plaintiff was damaged by reason of the sale by defendant to the plaintiff of the faulty or defective cotton seed."

The defendant contends that this instruction is not based upon the facts as stated in the petition nor upon any evidence offered. He admits that the instruction is based upon section 3793, Comp. Stat. 1921, which reads as follows:

"Illegal Sale—Damages. All persons selling seed for agricultural planting purposes which are faulty or defective shall be liable in damages in such sum as the purchaser may sustain."

His argument in the brief, as we understand it, is that the petition does not plead this statute, and the proof is not sufficient to establish a breach of warranty, therefore, the statute and the instruction based upon it are not applicable to the issues in the case. We cannot agree with this contention.

We have examined the petition, and the facts therein stated are sufficient to bring it within the purview of this section, and the evidence is amply sufficient to show that there was an implied warranty and breach thereof, as well as a violation of the agricultural seed law in the sale transaction on the part of the defendant under the provisions of this statute, and the measure and amount of damages are undisputed.

The plaintiff would not have to plead the statute in order to obtain the benefits under it. 36 Cyc. page 1237; Barnes v. American Soda Fountain Company, 32 Okla. 81, 121 Pac. 250; Marx et al. v. Nefner, 46 Okla. 453, 149 Pac. 207.

2. The defendant complains also of the following instructions:

"The court instructs you that under the law it is not necessary that you find from the evidence that there was a warranty upon the part of the defendant that the cotton seed would germinate, and that the only questions of fact to be determined by you are, first, were the seed sold by defendant to plaintiff faulty or defective and unfit for planting purposes, and if this question is answered by you in the affirmative, then the other question of fact to be determined by you is as to the amount of damages, if any, which the plaintiff sustained or suffered by reason of the faulty or defective cotton seed which it purchased from the defendant, if in fact they were faulty or defective, and the measure of damages has been stated to you in previous instructions."

Defendant contends that this instruction is not applicable to the facts alleged and proved for the reason that section 3793, Comp. Stat. 1921, refers back to section 3789, of said act as to what is meant by faulty or defective seed, and since there is nothing in the petition stating the noncompliance of defendant in selling the cotton seed, and no fact or facts in the proof as to noncompliance with the provisions of the act, therefore, the instruction is erroneous. We do not think this is the proper construction to be placed on this section. It will be observed that it only describes faulty and defective conditions of seed and provides damages for selling them for planting purposes, and the language is plain and simple and cannot be misunderstood. We think it means just what it says and says just what it means and needs no side light to explain it. Under this section and the facts in the case the instruction complained of was proper.

3. Defendant says this construction of said section would render it unconstitutional on the ground that there is nothing in the title of the act showing an intention of the Legislature to enact a law fixing a general liability upon the part of a person selling

agricultural seed because no reference to any such general statute is contained in the title. We think the defendant is in error in this argument. The question as to what should be embraced in the the title of an act under the Constitution has been before this court in Jefferson v. Toomer, 28 Okla. 658, 115 Pac. 793, and Binion, Sheriff, v. Okla. Gas & Elec. Co., 28 Okla. 356, 114 Pac. 1069, and the following rule stated and approved:

"Legislative enactments will be sustained if the subject-matter of the act is not in conflict with the general subject matter expressed in the title." Further: "It is not essential that the best or even accurate title be employed if it be suggestive in any sense of the legislative purpose." Further: "When there are numerous legislative provisions having one general object, title is sufficient if it fairly indicates the general purpose of the Act, the details providing for an accomplishment of such purpose are to be regarded as necessary incidents." Further: "It is not necessary for title to embrace an abstract of its contents."

4. In the third place the defendant complains that the court refused to give the following requested instruction:

"Ordinarily where there is no warranty in the sale of chattels, there is no implied warranty as a matter of law. The burden is upon the plaintiff to establish a warranty by a preponderance of the evidence. If the plaintiff has failed to establish a warranty by a preponderance of the evidence, the jury should find for the defendant."

The facts stated in the petition and brought out in the proof were sufficient to bring the transaction within the provisions of the statute for damages in the sale of seeds for agricultural purposes, and the general instructions given by the court were sufficient to cover all the issues in the case, and this contention of the defendant is not well taken by the court.

We think that the record shows that the defendant had a fair trial and substantial justice was meted out to the parties and the judgment of the trial court should be affirmed.

By the Court: It is so ordered.