## CARTER v. BINDER et al.

No. 17589. Opinion Filed Sept. 13, 1927.

Rehearing Denied Nov. 22, 1927.

(Syllabus.)

1. **Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

In law actions, where questions of fact are submitted to a jury, the jury's verdict, and judgment thereon, will not be disturbed on appeal if there is any evidence reasonably tending to support the same.

2. **Trial—Sufficiency of Instructions as a Whole.**

It is not necessary for each separate instruction to embody every fact or element essential to sustain or defeat an action, nor is it neccessary for each separate instruction to cover the entire case. If the different instructions, taken together and considered as a whole, fairly present the law of the case, and there is no conflict between the different paragraphs thereof, this will be sufficient.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by William Binder and R. S. Bristow against W. M. Carter. Judgment for plaintiffs, and defendant appeals. Affirmed.

Rowland & Talbott, for plaintiff in error.

H. B. Lockett, for defendants in error.

PHELPS, J. Defendants in error filed suit in the district court of Stephens county against Comanche Petroleum Company to cancel certain oil and gas mining leases covering real estate in that county. Judgment was rendered in their favor, from which Comanche Petroleum Company appealed to the Supreme Court and W. M. Carter, plaintiff in error herein, signed the supersedeas bond as surety. The appeal resulted in the judgment of the lower court being affirmed, and defendants in error herein filed suit in the district court of Stephens county against W. M. Carter, plaintiff in error here, for $2,500, the amount of the supersedeas bond, alleging that he was liable to them on said supersedeas bond, in that amount because they were excluded from the use and occupation of the property and because of waste committed thereon.

Issues were joined and the cause was tried to a jury. At the close of the evidence the court instructed the jury to find for the plaintiffs, leaving the amount to be determined by the jury from the evidence The jury returned a verdict for the full amount sued for, upon which verdict judgment was rendered, to reverse which this appeal is prosecuted.

In their petition in error counsel present 20 assignments of error, which, however, they group in their brief under three separate heads, the first of which is that the evidence does not support the verdict and judgment of the trial court. Under this assignment of error they cite numerous authorities holding that:

"In the absence of evidence reasonably tending to support a verdict and judgment the cause must be reversed."

With these authorities we have no quarrel, but a most perfunctory examination of the record will show this assignment of error is without merit. A number of witnesses were upon the stand to prove the allegations of damages and the rule is too well settled for us now to disturb that, where questions of fact are submitted to a jury, the jury's verdict and the judgment rendered thereon will not be disturbed on appeal where there is any evidence reasonably tending to support it.

It is next contended that the court erred in admitting evidence over the objection of plaintiff in error, and also erred in excluding competent evidence offered by him:

We have carefully read the briefs and the authorities there cited, and can reach no other conclusion than that these assignments of error are without merit.

It is next contended that the court erred in refusing to give certain requested instructions, also in giving certain instructions that were given. This court has repeatedly held that it is not necessary for each instruction to embody every fact or element essential to sustain or defeat an action. Neither* is it necessary for each instruction to cover the entire case, nor is it reversible error for the court to refuse to give requested instructions, even though they may correctly state the law, if the instructions that are given, taken together as a whole, fairly cover the issues raised by the pleadings and the evidence. Hope Natural Gas Co. v. Ideal Gasoline Co., 114 Okla. 30, 243 Pac. 206.

The judgment of the district court is affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT. CLARK and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 853, §2834; 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73. (2) 38 Cyc. pp. 1598, 1778, 1779; 14 R. C. L. p. 772; 4 R. C. L. Supp. p. 918; 5 R. C. L. Supp. p. 776; 6 R. C. L. Supp. p. 830.