## PONCA CITY MILLING CO. v. KROW et al.

No. 18040. Opinion Filed April 24, 1928.

Rehearing Denied May 29, 1928.

(Syllabus.)

**1 Pleading—Right to Ask Same Relief in Several Distinct Counts.**

Where a party has two or more distinct and separate reasons upon which he bases his claim for the relief he asks, and where there is some uncertainty as to the grounds of recovery, the complaint may set forth a single claim or ask for the same relief in several distinct counts or statements. Carter Oil Co. v. Garr, 73 Okla. 28, 174 Pac. 498.

**2. Trial—Sufficiency of Instructions Taken in Entirety.**

It is not necessary for each separate instruction to embody every fact or element essential to sustain or defeat an action, nor is it necessary for each separate instruction to cover the entire case. If the different instructions, taken together and considered as a whole, fairly present the law of the case, and there is no conflict between the different paragraphs thereof, this will be sufficient.

**3. Damages—Measure of Damages to Realty Where Cause of Injury Abatable.**

Where a cause of injury is abatable either by expenditure of labor or money, the same is not permanent, and the owner is entitled to recover therefor only such damage as has accrued on account of the impaired or lost use of his property up to the time of the commencement of the action, and the measure of value of the real estate before and after said injury is not the true measure of damage.

**4. Appeal and Error—Questions of Fact—Verdict Reasonably Supported by Evidence not Disturbed.**

Where disputed questions of fact are submitted to the jury, the verdict of the jury and the judgment rendered thereon will not be disturbed by this court on appeal where there is any competent evidence reasonably tending to support the same.

**5. Appeal and Error—Briefs—Assignments of Error Deemed Waived by Failure to Argue or Cite Authorities.**

Assignments of error on appeal will be considered and treated as waived by this court where plaintiff in error fails to comply with Rule 26 and fails to argue or cite authorities in support of such assignments of error.

Error from District Court, Pawnee County; Edwin R. McNeill, Judge.

Action by Jasper T. Krow, A. D. Krow, Elista Green, Vinetta Beck, and Viola Crawford against the Ponca City Milling Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Sam K. Sullivan, Neal A. Sullivan, R. J. Shive, and Prentiss E. Rowe, for plaintiff in error.

McCollum & McCollum, for defendants in error.

PHELPS, J. Although in reverse order, for convenience the parties will be herein referred to as they appeared in the trial court; that is, defendants in error will be referred to as plaintiffs, and plaintiff in error will be referred to as defendant.

Plaintiffs filed their action in the district court of Pawnee county, praying damages in the sum of $650 against defendant, alleging that they bought a quantity of seed oats from defendant for planting; that said oats contained Johnson grass seed, from which their land became infested with Johnson grass, and the $650 damages represented the amount it was necessary for them to expend in order to rid their premises of the nuisance of such Johnson grass.

The cause was tried to a jury, resulting in a verdict and judgment in favor of plaintiffs for the full amount sued for, to reverse which defendant prosecutes this appeal.

In plaintiffs' petition they plead liability upon two causes of action, one upon a statutory obligation imposed by the provision of article 11 of chapter 20, C. O. S. 1921, entitled "Agricultural Seed," and the other upon a waranty of the seed oats purchased. Defendant filed its motion to require plaintiffs to elect upon which cause of action they stood, and the court's order overruling this motion is assigned as error.

Section 266, C. O. S. 1921, provides that:

"The plaintiff may unite several causes of action in the same petition, * * * where they all arise out of * * * the same transaction, or transactions, connected with the same subject of action."

In Coyle v. Baum, 3 Okla. 695, 41 Pac. 389, the Territorial Supreme Court held, and in Shelby-Downard Asphalt Co. v. Enyert, 67 Okla. 237, 170 Pac. 708, this court held, that, where two causes of action, one based on statute and the other on the common law, were blended in the same petition, the defendant's remedy was by a motion to require the plaintiff to separately state and number, thereby, at least by implication, holding that if such causes of action were separately stated and numbered, the requirements of the statute would have been met.

In the instant case they were separately stated and numbered.

In the last above cited case, in the body of the opinion, this court said:

"As to the question as to whether or not the petition states two causes of action, 'one a common-law action of negligence, and the other a statutory action of negligence,' and, if so, are they improperly joined? our reply is that, even assuming that the petition does state two causes of action, as contended by the plaintiff in error, they are such as under the provisions of section 4738, R. L. 1910, might be joined." (Section 4738, R. L. 1910, is section 266, C. O. S. 1921.)

This rule was adhered to, emphasized, and the authorities reviewed by this court in Carter Oil Co. v. Garr, 73 Okla. 28, 174 Pac. 498. We, therefore, conclude that this assignment of error is not well taken.

It is further contended that the trial court erred in giving certain instructions defining the duty and the liability of defendant. A careful examination of these authorities, however, convinces us that the instructions given correctly state the law applicable to the facts as shown by the testimony, and when they are all taken together, there is no just cause for complaint. Several of the instructions complained of were almost verbatim extracts from the statute, and are sufficient when measured by the rule laid down by this court in Hope Natural Gas Co. v. Ideal Gasoline Co., 114 Okla. 30, 243 Pac. 206, and Carter v. Binder, 128 Okla. 45, 261 Pac. 139.

The petition alleged and the evidence showed a violation of the provisions of article 11 of chapter 20, C. O. S. 1921, which chapter formed the basis of the instructions given, and a violation of an express statute which causes special damage to another constitutes an actionable tort. Hobbs v. Smith, 27 Okla. 830, 115 Pac. 347; McAlester v. Hoffar, 66 Okla. 36, 166 Pac. 740.

Instruction numbered 11 tells the jury that if they found for the plaintiffs, the measure of the damage is the amount which will compensate plaintiffs for all detriment proximately caused thereby. It is contended by counsel for plaintiff in error that this instruction does not correctly state the measure of damages. It is insisted that the correct measure of damages is the difference between the value of the farm before it was infested with Johnson grass and after it was so infested, in support of which contention they cite M., K. & T. Ry. Co. v. Malone (Tex.) 126 S. W. 936. This opinion cites and quotes from a great number of opinions announcing and supporting that rule. Doubtless that is the correct rule where permanent damage to the real estate is claimed, but where the injuries are temporary in their nature, we are committed to the doctrine that the proper measure of damages is the cost of removing or correcting the temporary injury, plus any incidental special damages suffered in connection with or because of the temporary injury to the realty. St. L. & S. F. Ry. Co. v. Ramsey, 37 Okla. 448, 132 Pac. 478; Ponca Refining Co. v. Smith, 73 Okla. 6, 174 Pac. 268.

It is next contended that the verdict and judgment are contrary to the evidence and are wholly unsupported by any competent evidence. An examination of the record shows this assignment of error to be without merit. There is evidence in the record that when plaintiffs first inquired of defendant about the seed oats, it was made plain that they wanted the oats to plant and that they did not want oats adulterated with Johnson grass seed. There is evidence to further show that the oats they bought were so adulterated. That question was submitted to and disposed of by the jury, and there is no rule of law better settled in this state than that when disputed questions of fact are submitted to the jury, the jury's verdict and the judgment rendered thereon will not be disturbed on appeal if there is any evidence reasonably tending to support the same. Jilson v. Dickinson-Reed-Randerson Co., 125 Okla. 276, 257 Pac. 759; School Dist. No. 62 v. Morgan, 127 Okla. 193, 260 Pac. 46.

It is further contended that the court erred in permitting plaintiffs to introduce incompetent, irrelevant, and immaterial evidence over the objection of defendant. In their briefs counsel fail to comply with Rule 26. They do not set out the evidence or the ruling of the court complained of, neither do they argue or cite authorities in support of this assignment of error, and it must, therefore, be considered as waived. Orth v. Hajek, 127 Okla. 59, 259 Pac. 854; Donnelly v. Atkins, 130 Okla. 33, 264 Pac. 911.

Counsel for defendant cite and rely upon the authority of Manglesdorf Seed Co. v. Busby, 118 Okla. 255, 247 Pac. 410, but an examination of that authority shows such a different state of facts to the facts in the instant case, and the propositions there presented and disposed of are so different from the questions here, that it is not here applicable, but, rather, the rule laid down in Geren v. Courts Trading Co., 99 Okla. 170, 226 Pac. 369, in so far as it is applicable, governs us here.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

All the Justices concur.

Note.—See under (1) 31 Cyc. p. 121. (2) 38 Cyc. p. 1598; 14 R. C. L. p. 772; 4 R. C. L. Supp. p. 918; 5 R. C. L. Supp. p. 776; 6 R. C. L. Supp. p. 830. (3) 17 C. J. p. 883, §187; 8 R. C. L. p. 480; 2 R. C. L. Supp. p. 618. (4) 4 C. J. p. 853, §2834; 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. p. 79; 6 R. C. L. Supp. p. 73. (5) 3 C. J. p. 1428, §1591; p. 1431, §1593.