HUGHES v. HARDEN et al.

No. 31056. May 9, 1944.

Rehearing Denied Sept. 12, 1944.

*151 P. 2d 425.*

E. M. Conner, of Tulsa, for plaintiff in error.

Settle, Monnett & Clammer, of Tulsa, for defendants in error.

GIBSON, V. C. J. This is an action

in trespass by the alleged owner of a cemetery lot against the individual owner and operator of the cemetery. Plaintiff appeals from the judgment on a directed verdict for defendant.

The record shows that on the date of the death of plaintiff's wife, which occurred on December 30, or 31, 1919, he entered into oral negotiations with defendant to purchase the lot in question. The agreed price therefor was $120. Plaintiff made a down payment of $25 and was to pay the balance in installments. Two or three days after the purchase the body of his deceased wife was interred on the lot. There were four grave spaces on the lot, numbered 1, 2, 3, and 4. The body was buried in space No. 2.

According to plaintiff's own testimony he paid the purchase price in full, whereas defendant's evidence was that he had paid only $70 thereon, the last payment being made on August 20, 1920.

Defendant, acting on the assumption that the plaintiff, for failure of payment of the balance, had forfeited any claim he may have had to the remaining three grave spaces, sold two of them to one party, and one to another. The sale of the two spaces took place on or near November 10, 1924, and the sale of the remaining lot on July 18, 1925. Bodies were buried on the lot immediately after those sales.

Plaintiff was not made aware of the above circumstances until May 30, 1941. This action was commenced July 17, 1941.

In his motion for directed verdict defendant not only attacked the sufficiency of the evidence in general but charged that judgment should be rendered for him on his plea of the statute of limitations and the statute of frauds.

The trial court held the motion well taken and directed a verdict.

Plaintiff says the action of the court in directing a verdict for defendant constituted error in that the evidence showed an invasion of his burial lot by defendant and therefore an actual trespass, and that there was no evidence to show that the action was barred by the statute of limitations, or that his agreement to purchase the lot was within the statute of frauds.

If defendant was without legal right to sell the remaining portion of the lot to third parties and to authorize the burials that took place thereon, then he was guilty of trespass. Such acts would constitute an unlawful and unwarranted interference with the rights of the owner of a cemetery lot.

The general rule, seemingly without dissenting authority, is stated in 14 C. J. S. 93, sec. 34, as follows:

"An unlawful and unwarranted interference with the exercise of the right of burial in a cemetery lot is a tort which gives a cause of action against the wrongdoer."

The fact that plaintiff received no deed or other formal evidence of title did not lessen his right to the exclusive use of the lot as and when he might desire to bury his dead there. Oral permission on the part of the defendant to use the lot was sufficient to confer on plaintiff the right to the exclusive use thereof. 14 C. J. S. 84, sec. 24. It is there said:

"No formal deed is necessary to confer the exclusive right to the use of a lot in a cemetery for burial purposes; oral permission from the proprietors is sufficient."

And, in the absence of voluntary relinquishment, possession of a burial lot continues as long as the graves are marked and distinguishable as such and the cemetery continues to be used. 14 C. J. S. 85, sec. 25. Therefore, plaintiff's possession was continuous in this case, and, being continuous, the interment of bodies on his lot by other parties could not constitute an ouster or adverse possession that would ripen into title by prescription in favor of such parties. The possession acquired by the latter could not be exclusive to the extent required to place the statute of limitations in operation.

The interment of the bodies of strangers on the lot and permitting them to remain there constituted a continuing trespass, for their continuance there could never ripen into an adverse possession by the parties who placed them there, and the 15-year prescription statute, contrary to defendant's contention, could never attach. Had there been no grave on the lot, said statute may have applied (2 C. J. S. 523, 548, secs. 9, 38). But the presence of the additional bodies was a continuing wrong that could have been abated. Equity will command removal of bodies wrongfully interred in another's lot. 14 C. J. S. 95, sec. 36. Time alone will not destroy the right of action. See Brunton v. Roberts, 265 Ky. 569, 97 S. W. 2d 413, 107 A. L. R. 1289.

Where the cause of injury may be abated by the expenditure of labor or money, the same is said to be a temporary one, and successive actions may be maintained for damages resulting therefrom. Ponca City Milling Co. v. Krow, 131 Okla. 98, 267 P. 629. It was there held as follows:

"Where a cause of injury is abatable either by expenditure of labor or money, the same is not permanent, and the owner is entitled to recover therefor only such damage as has accrued on account of the impaired or lost use of his property up to the time of the commencement of the action."

See, also, 63 C. J. 1051, sec. 253.

The reason for permitting successive suits for continuing wrongs that are abatable is stated in McKee v. Producers & Refiners Corp., 170 Okla. 559, 41 P. 2d 466, as follows:

"The rule permitting successive actions for damages successively caused by a continuing and abatable nuisance is partially based upon the expectation that if one is harming his neighbor, and can so remedy the situation as to abate the harmful effect which he is causing, he will do so. The rule works for the good of both plaintiff and defendant. No greater damages can be assessed against the defendant than the mere temporary injuries caused by the continuance of the nuisance."

Damages are limited to those accruing since the last suit or during the next preceding two years. 12 O. S. 1941 § 95 (3).

In the instant case plaintiff established his right to recover nominal damages, if no more. 23 O. S. 1941 § 98. The trial court therefore erred in directing a verdict for defendant.

The judgment is reversed and the cause remanded for a new trial.

CORN, C. J., and OSBORN, BAYLESS, WELCH, and HURST, JJ., concur. DAVISON and ARNOLD, JJ., dissent.