Dear Representative Duncan:
This office has received your request for an official Opinion of the Attorney General in which you ask, in effect, the following questions:
 1. Is the sale and transfer of municipal cemetery lots subject to the ordinary laws of real property?
 2. May a municipality through its ordinances establish a deliberative process for determining an individual's right to be buried in a particular lot?
Your questions have been prompted by the following scenario. The original purchaser of a group of lots in a municipal cemetery dies intestate i.e., without a will. The certificate or deed issued by the city at the time of the sale contains only the name of the purchaser. The right to be buried in the lots passes to the purchaser's heirs at law. However, ownership of the lots has not been subject to probate, the execution of quitclaim deeds or any other legal process governing real property. In such a situation, what constitutes evidence of an individual's right to be buried in a lot?
 I. GENERAL PRINCIPLES GOVERNING THE SALE AND OWNERSHIP OF CEMETERY LOTS
As a general principle, "[t]he rights of a lot owner in a cemetery are contractual, and subject to the ordinary rules of contract law." 14 C.J.S. Cemeteries § 20 (West, Westlaw through June 2008). "No formal deed is necessary to confer the exclusive right to the use of a lot in a cemetery for burial purposes." Id. Because of its special nature as hallowed ground, land reserved for burial of the dead is not subject to the laws of ordinary property. 14 AM. JUR. 2D Cemeteries § 31 (West, Westlaw through May 2008). The purchaser of a lot does not acquire a fee simple in the land, but merely an easement, license or privilege to use the land for the purpose of interment. Id. *Page 2 
In Hughes v. Harden, 151 P.2d 425, 426 (Okla. 1944), the Oklahoma Supreme Court held that the sale of a cemetery lot could be predicated on an oral promise without the execution of a deed. In Hughes, the Plaintiff made a down payment on four burial spaces upon the death of his wife. No deed was issued or recorded. The Defendant cemetery owner later sold the remaining spaces to other parties, arguing that the Plaintiff had failed to make the remaining payments on the sale. The Plaintiff contended that he had made full payment and sued the Defendant for trespass. The Defendant claimed that Plaintiff's action was barred by the statute of frauds. Id. In rejecting the Defendant's argument, the court held that oral permission by the Defendant was sufficient to confer on the Plaintiff the right to use the land for burial purposes:
 The fact that plaintiff received no deed or other formal evidence of title did not lessen his right to the exclusive use of the lot as and when he might desire to bury his dead there. Oral permission on the part of the defendant to use the lot was sufficient to confer on plaintiff the right to the exclusive use thereof. 14 C.J.S., Cemeteries, p. 84, § 24. It is there said: ?No formal deed is necessary to confer the exclusive right to the use of a lot in a cemetery for burial purposes; oral permission from the proprietors is sufficient."
Id. In rejecting application of the statute of frauds in the sale of burial lots the court recognized the special nature of such transactions and placed them outside the confines of real property law. Id.
 II. MUNICIPAL CEMETERIES
The operation of municipal cemeteries is governed by Article XXVI of the Oklahoma Municipal Code. Article XXVI is codified in the Oklahoma Statutes at Title 11, Sections 26-101 through 26-209. Section 26-103 provides in pertinent part for the sale of lots as follows:
 B. Lots in a municipal cemetery shall be conveyed by certificate signed by the mayor and countersigned by the clerk, under the seal of the municipality. The certificate shall show the price for which the lots are sold and specify that the person to whom it is issued is the owner of the lot or lots described therein by number, as laid down in the plat, for the purpose of interment. The certificate shall vest in the purchaser and heirs of the purchaser a right to the lot or lots, for the sole purpose of interment, under the regulations of the governing body or board of cemetery trustees. The certificate shall be entitled to record in the office of the county clerk of the county in which the lot is situated without further acknowledgment, and the description of lots by number shall be sufficient for the purpose of record. All abandoned lots shall revert to the municipality.
Id.
Pursuant to Section 26-103, municipal cemetery lots are conveyed by a certificate signed by the mayor and countersigned by the city clerk.Id. The certificate must specify the owner of the lot or *Page 3 
lots purchased and the price paid. Id. The purchaser may record the certificate with the county clerk. Id. The only interest the certificate vests in the purchaser is the right of burial for the purchaser and his or her heirs at law. Id. If the lot is abandoned, it reverts to the municipality. Id.
The limitations on the purchaser's rights in the use of a cemetery lot are further provided for at 11 O.S.Supp. 2008, § 26-104[11-26-104] of the Oklahoma Municipal Code:
 B. Any burial lot in any cemetery owned by a municipality, or by an association incorporated for cemetery purposes under the laws of Oklahoma, may be conveyed or devised by the owner back to and held by such company, municipality, or association in perpetual trust for the purpose of its preservation as a place of burial. The lot so conveyed shall thereafter remain forever inalienable by act of the parties, but the right to use the same as a place of burial of the dead of the family of the owner and his descendants from generation to generation shall remain, unless the deed of conveyance in trust shall provide that interments in such lot shall be confined to the bodies of specified persons, in which case the lot shall be forever preserved as the burial place of the persons specified in the deed and shall never be used for any other purpose whatever. However, no conveyance in trust shall be made without the consent of the cemetery company or association in whose cemetery the burial lot is located, or of the governing body or board of cemetery trustees of the municipality.
Id.
Section 26-104 provides the method by which the purchaser may specify persons other than the purchaser's heirs at law for burial by conveying the lots back to the municipality in trust. However, unlike ownership in fee simple, the purchaser does not have the right to sell the lot or otherwise dispose of it except as permitted by statute. As a result, unless the purchaser has named in the trust specific persons who are not heirs, the lots are available to the purchaser's heirs in the order of their death. See Silvia v. Helger, 67 A.2d 27, 28 (R.I. 1949) (holding that co-tenant heirs take lots with right of burial "in the order in which they deceased" and if there is not a sufficient number of lots for all heirs, "the last members of the family to die would thereby lose their right to be buried therein").
Given the general principle described above as well as the statutory regime contained in the Municipal Code, the answer to your first question is that the sale and transfer of cemetery lots is governed by the law of contract rather than the law of real property. *Page 4 
 III. EVIDENCE IN ESTABLISHING RIGHT OF BURIAL
To answer your second question, it is necessary to determine what constitutes relevant evidence in establishing a person's right to be buried in a particular lot. Because the law of contract governs the sale and transfer of cemetery lots rather than the law of real property, dispositive evidence of ownership will be broader than that allowed in real estate transactions. Absent a conveyance in trust naming specific persons as allowed at 11 O.S.Supp. 2008, § 26-104[11-26-104], the ownership of a lot (i.e., the right of burial in the lot) will vest in the original purchaser's heirs at law.[1] As a result, the relevant evidence in determining who may be buried in a lot is that which is sufficient to show that the individual is an heir of the purchaser. If there are more eligible heirs than lots available, the lots will be distributed to heirs in the order of their deaths. Silvia, 67 A.2d at 28. Once all lots are full, any right of surviving heirs in the lots is extinguished.Id.
You ask whether a municipality may establish a deliberative process by which ownership in a lot is determined. Municipal governments have authority to "pass rules and ordinances to regulate, protect, and govern the cemetery." 11 O.S. 2001, § 26-105[11-26-105]. As a result, municipalities may establish protocols consistent with state law for determining an individual's right to be buried in a particular lot.
Whether the evidence supports a right to burial in any particular lot is a question of fact and thus beyond the scope of an official Opinion of the Attorney General. 74 O.S. 2001, § 18b[74-18b](A)(5).
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. The sale and transfer of municipal cemetery lots as provided for at 11 O.S.Supp. 2008, §§ 26-103[11-26-103] and 26-104, is governed by the law of contract rather than the law of real property.
 2. Unless the original purchaser names specific persons when conveying the lots back to the municipality in trust, ownership of the lots (i.e., the right to be buried in the lots) descends to the purchaser's heirs at law who take the right in order of death. 11 O.S.Supp. 2008, § 26-104[11-26-104].[2] *Page 5 
 3. Evidence that one is an heir of the original purchaser of a cemetery lot is sufficient to show a right to be buried therein. 11 O.S.Supp. 2008, §§ 26-103[11-26-103], 26-104.
 4. Municipalities may through ordinance establish a deliberative process consistent with state law for determining an individual's right to be buried in a particular lot. 11 O.S. 2001 Supp. 2008, §§ 26-103, 26-105.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRANT E. MOAK ASSISTANT ATTORNEY GENERAL
[1] Title 84 O.S. 2001, § 213[84-213] identifies the heirs at law of a decedent who dies without a will.
[2] We have not been asked, nor do we decide, whether a formal conveyance back to the cemetery in trust is the only method by which the original purchaser may specify individual persons other than heirs for burial in lots owned by the purchaser.