STANDARD PLUNGER ELEVATOR CO. v. BRUMLEY et al.

(Circuit Court of Appeals, Third Circuit. December 5, 1906.)

No. 33.

1. PRINCIPAL AND AGENT—COMPENSATION—ACTIONS—VALUE OF SERVICES—EVIDENCE.

Where, in an action for services under an alleged express contract to pay 10 per cent. of the price of certain sales of machinery made by plaintiff, defendant denied the contract as alleged, and averred that the agreement provided for a much smaller compensation, evidence as to the rea-

sonable value of plaintiff's services was admissible as bearing on the question as to which agreement was made.

**2. SAME—PAYMENT—TIME.**

Where, in an action for agents' commissions on sales of machinery, the oral contract sued on did not provide as to the time when the amounts claimed should be payable, evidence as to the time usually fixed for the payment of similar commissions was admissible.

**3. SAME—QUESTION FOR JURY.**

Where, in an action for agents' services in the sale of certain machinery, plaintiffs claimed for additional services rendered to defendants in the performance of certain contracts outside their general oral contract of agency, whether such extra services were incident to such contract or whether they were independent thereof was for the jury.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

See 144 Fed. 713.

William Metcalf, Jr., for plaintiff in error.

Joseph A. Langfitt, for defendants in error.

Before DALLAS and GRAY, Circuit Judges, and LANNING, District Judge.

GRAY, Circuit Judge. The original suit in this case was brought in the court of common pleas for Allegheny county, in the state of Pennsylvania, and removed upon petition of the defendant, on the ground of diverse citizenship, to the Circuit Court of the United States for the Western district of Pennsylvania.

The cause of action was the alleged violation of a certain oral contract, the terms of which, as set out in plaintiffs' statement of claim, may be summarized as follows:

Plaintiffs were engaged in the business of constructing and repairing elevators, and acting as agents for the sale of elevator machinery. The defendant was also engaged in the manufacture and sale of elevators, and in February, 1903, entered into a contract with the plaintiffs, by which the plaintiffs undertook to sell elevator machinery produced by the defendant, and were to receive for such agency and sales a ten per cent. commission on the amount of any contracts secured by said plaintiffs for said defendant. The plaintiffs aver that, in pursuance of said contract, four specific sales of defendant's machinery were made by them to four different purchasers, aggregating in amount $133,450; and that thereby the defendant became indebted to the plaintiffs for their commission of ten per cent., as aforesaid, or $13,345. The plaintiffs aver further that the defendant arranged with them to use their place of business as headquarters in the city of Pittsburgh, and induced and employed the plaintiffs to assist defendant in carrying out its contracts, including contracts other than those pertaining to the sales made by plaintiffs, and that said contract for the use of office, and for assistance in carrying on defendant's general business, was duly performed by said plaintiffs during the period of one and a half years; and that said services "were fully worth the sum of $2,000 per annum, or $3,000 for said period." This latter sum, added to the commissions claimed, less certain credits, aggregated $13,960.30, which, with interest from January 1st, 1904, is the amount sought to be recovered in the suit.

Defendant, in its affidavit of defense, denies that there was any contract to pay plaintiffs a ten per cent. commission on all sales secured by them, but avers that the agreement as to compensation for plaintiffs' services was, that the same should be arranged between the parties as to each particular contract which plaintiffs might obtain, until a written contract could be agreed upon between plaintiffs and defendant; that defendant proposed a written contract to plaintiffs, but they refused to accept or execute the same, and no written contract was ever entered into between the parties. Defendant denies that the work or business of the agency was diligently prosecuted by plaintiffs, and especially denies that a certain one of the sales, specified by plaintiffs in their statement of claim, was ever made by said plaintiffs, but was in fact made by the defendant itself, and that as to the other three sales for which commission is claimed by the plaintiffs, specific agreements were made by which a much smaller aggregate amount was to be paid to plaintiffs, a part of which had been paid, and the balance, by the terms of said contracts, had not, at the time of the bringing of suit, become due.

On the issues thus made under the pleadings, the case was tried and submitted to the jury, and a verdict rendered for about one half of the amount claimed. Bills of exception were allowed and signed by the trial judge, as to the admission of certain evidence, and three of the six assignments of error are directed to such admissions. The first and third assignments of error relate to the admission of the testimony of witnesses, alleging themselves familiar with the elevator business, to the effect that the customary compensation for the sale of elevator machinery by an agent, was ten per cent. The objection made to this testimony is that, the suit being one on an express contract, evidence as to the quantum meruit was irrelevant, it being assumed that no count to that effect was contained in the statement of claim. This objection would be good, if the special agreement as to the compensation for, or value of, the services rendered, were not controverted by the defendant. But in this case it is controverted, and a different special agreement is alleged, providing for a much smaller compensation than that claimed under the contract as set up by the plaintiff. In such cases, it is proper for either party to prove the value of such services, as bearing upon the issue between them, and the probability that the one or the other agreement was made. Barney v. Fuller, 133 N. Y. 605, 30 N. E. 1007; Allison v. Horning, 22 Ohio State, 138. Upon this ground, the testimony objected to was admitted by the trial judge. We incline to think, too, that the statement of claim contains what, under the informal pleading sanctioned by the Pennsylvania practice, may be considered a quantum meruit count, under which, of course, the testimony would be admissible.

The second assignment covers an objection made to the admission of testimony, as to the time usually fixed for the payment of commissions in the matter of contracts made by agents. As the oral contract set out in the statement of claim covers no agreement as to the time when the commissions claimed should be payable, evidence on this point was clearly admissible, and was a matter of fact to be dealt with

by the jury upon the evidence, and not a question of law to be determined by the court.

The fourth assignment of error objects to that part of the charge of the court submitting to the jury the question as to the propriety of the charge of $3,000 for the use of plaintiffs' office in Pittsburgh, and compensation for services outside of their agency, rendered during the period stated. We think the court, with perfect fairness, submitted it to the jury, to determine whether these services were incident to the general employment, as agent, or were so independent thereof as to entitle the plaintiffs to claim, under a quantum meruit, separate compensation therefor. It is to be remembered that the contract here declared on is not in writing, and so to be construed by the court, but is an oral contract, to be established out of the mouths of witnesses, and its existence, scope and extent are facts to be determined by the jury. So the question, whether the so-called outside services of plaintiffs were incident to their general contract of agency, or were rendered independently thereof, was primarily a question for the jury, and a careful reading of the evidence, as disclosed in the record, does not convince us that the jury would not be justified in finding this point in favor of the plaintiffs. It is to be noted, too, that the record discloses no request to the court for binding instructions to the jury, and consequently no exception or assignment of error in that respect.

The fifth and sixth assignments of error are without merit, and require no discussion.

The charge of the court, on the whole, was entirely fair to the defendant, and we find no error in the matters referred to in the specifications.

The judgment below is therefore affirmed.