### CANTON-HUGHES PUMP CO. v. LLERA.

(Circuit Court of Appeals, Sixth Circuit. June 30, 1914.)

No. 2625.

1. BROKERS (§ 85*)—ACTIONS FOR COMPENSATION—EVIDENCE—REASONABLE VALUE OF SERVICES.

In an action for compensation for negotiating a sale of a pump for installation in a building, where the existence of some contract was adjudicated and where there was no evidence tending to show any contract other than that claimed by plaintiff, by which he was to receive the difference between the price quoted to him by defendant and the selling price, evidence as to the reasonable value of his services was not pertinent, and was properly excluded.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 106–115; Dec. Dig. § 85.*]

2. JUDGMENT (§ 622*)—CONCLUSIVENESS—MATTERS CONCLUDED.

A judgment of the New York Municipal Court, allowing so much of a counterclaim as was within the jurisdiction of that court, was conclusive, in a subsequent action for the balance of the counterclaim, that the person making the contract upon which the counterclaim was based had authority to do so, that it was a binding contract, and that the refusal of the plaintiff in the municipal court action to perform the contract was unjustified and amounted to a breach.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1136; Dec. Dig. § 622.*]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; William R. Day, Judge.

Action by Manuel Llera against the Canton-Hughes Pump Company. Judgment for plaintiff, and defendant brings error. Affirmed.

A. A. Thayer, of Cleveland, Ohio, and J. A. Jeffers, of Canton, Ohio, for plaintiff in error.

C. S. Yawger, of New York City, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge. The facts are fully enough stated in our opinion upon our review of the first trial. 205 Fed. 209, 123 C. C. A. 397. Upon the new trial, the question of the amount due was sub-

---

mitted to the jury, credit was permitted on account of the money received by Llera upon his substituted sale referred to in the former opinion, and he had verdict and judgment for $2,520. The Pump Company again asks review, and assigns errors concerning the admission and weight of evidence.

[1, 2] Upon the theory that the amount of Llera's agreed compensation was in dispute, the Pump Company sought to show the reasonable value of Llera's services, as tending to support its testimony that the smaller amount was the one agreed upon. The right to make such proof is said to be established by Standard Co. v. Brumley (C. C. A. 6) 149 Fed. 184, 186, 79 C. C. A. 132, and the cases there cited. The rule invoked is not here applicable. The agreement between Llera and the Pump Company was made by him with the company's representative, Mr. Hughes, and it was that Llera should receive the difference between the price quoted to him by the Pump Company and the price at which he might be able to make the sale. That this was the agreement is undisputed. The making of a contract between the parties was established by the New York judgment, and there is no evidence tending to show any other contract except the one just stated. It is not claimed that Llera agreed to the subsequent modification demanded by the Pump Company. In this situation, the proof of the reasonable value of Llera's services was not pertinent to any issue. It is suggested that Mr. Hughes did not have authority to bind the Pump Company to this arrangement. It is enough to say that the New York judgment establishes that authority as well as any other element necessary to make a binding contract. As follows from our previous opinion, the New York judgment, when taken in connection with the undisputed testimony upon the trial now under review, left no question open, except the amount for which the Pump Company should have credit because of Llera's receipts on his substituted sale.

The evidence to which all the assignments of error directly or indirectly relate was to the effect that the Pump Company discovered how large Llera's profits were going to be, and protested, that he justified himself by claiming that he had to divide his profits with agents for the purchaser of the pump, and that thereupon the company's officers refused to have anything to do with what they called "graft." This development might or might not have justified the company in repudiating its contract with Llera and have sustained the defense that there was no breach by it; in other words, that Llera, not the company, broke the original contract. However, the New York judgment established both the existence of some binding contract and that the Pump Company broke the contract without justification. The company could not litigate that question over again, in the present case; and it cannot complain of rulings which embarrassed its attempt to do so.

The judgment is affirmed, with costs.