McKEE, Ex'x, v. PRODUCERS & REFINERS CORP. et al.

No. 23552. Feb. 19, 1935.

560

Yancey, Spillers & Fist and E. M. Calkin, for plaintiff in error.

West, Gibson, Sherman, Davidson & Hull, P. C. Spencer, and W. H. McBrayer, for defendants in error Producers & Refiners Corporation.

J. W. Jamison, Searcy & Underwood, Cruce & Satterfield, and W. T. Stratton, for defendant in error St. Louis & San Francisco Railway Company.

PHELPS, J. W. R. McKee (husband of plaintiff in error, in whose name this action was revived) sued the Producers & Refiners Corporation and the St. Louis-San Francisco Railway Company (hereinafter referred to as Producers and Frisco, respectively) to recover for injury to his land, which he alleged was caused by the defendants in elevating their lands immediately adjoining plaintiff's land, thereby impounding both their own and plaintiff's surface waters thereon. At the conclusion of the evidence the court directed a verdict for the defendant Producers on the ground that the question of liability was res adjudicata. The jury returned a verdict for the defendant Frisco. The parties will be referred to as they appeared in the lower court. From the order directing a verdict for the Producers, and overruling his motion for new trial as to the Frisco, plaintiff appeals.

Plaintiff filed his first suit on November 3, 1928, in the district court of Tulsa county, against the Producers and the Prairie Oil & Gas Company. It was removed to the federal court, dismissed as to the Prairie Oil & Gas Company, and the issues tried between plaintiff and Producers, resulting in a verdict and judgment for the Producers on July 11, 1929. Plaintiff appealed to the Circuit Court of Appeals, where the judgment was affirmed, same being McKee v. Producers' & Refiners' Corporation, 46 F. (2d) 36. In that action plaintiff sought damages allegedly sustained by this same elevation, or dam, occurring between November 1, 1926, and November 3, 1928. He also sought to have it enjoined as a private nuisance.

The petition in the present action, filed November 5, 1930, contains substantially the same allegations, except that it (1) does not ask for injunction; and (2) seeks damages sustained between May 1, 1928, and November 5, 1930. During the trial plaintiff's attorney stated that on account of the statute of limitations he sought no damages accruing prior to November 5, 1928.

As against the defendant Frisco, plaintiff complains that the action of the trial court in sustaining the Producers' motion for a directed verdict "naturally influenced the jury against the plaintiff and in favor of the Frisco, thereby prejudicing plaintiff's rights." Plaintiff waived this assignment by failing to support it with argument or citation of authorities. Harrelson et al. v. Brown et al., 131 Okla. 267, 268 P. 731; Nolan v. Schaetzel et al., 145 Okla. 231, 292 P. 353; Mills v. Lester, 169 Okla. 344, 37 P. (2d) 261.

In questioning the correctness of the directed verdict plaintiff brings to our attention the following principles: (1) If a nuisance is continuing and abatable the plaintiff may bring successive actions, recovering in each the damages suffered between the dates of the actions; (2) to sustain a plea of res adjudicata there must be the same subject-matter, the same parties, the same issues relating to the same subject-matter, and the capacity of the parties must be the same as to the subject-matter and the issues, and the burden of establishing these facts rests upon the party who alleges a former adjudication.

Both of these principles have repeatedly been approved by this court. The point here is that this is a proper case for the application of No. 2, which renders impossible the application of No. 1. Number 1 is predicated on the existence of a nuisance. If no nuisance exists, then no right to bring successive actions exists. If it has been judicially determined that no nuisance exists, then, in successive actions thereon between the same parties in the same situation, it doesn't exist, unless plaintiff proves some such material and substantial change in the physical characteristics of the alleged nuisance as to make a liability out of what formerly was adjudged not to be a liability.

Similarly, if the former action had determined the existence of a nuisance, and the evidence in the present action reflected no material and substantial change in the physical characteristics of the adjudged nuisance, then that dispute would be out of the case and under proper pleadings it would be incumbent upon the plaintiff to prove only his damages. So the rule works both ways, subject to great care in its application. 15 R. C. L. 956; Woodworth v. Town of Hennessey, 32 Okla. 267, 122 P. 224.

Plaintiff contends that the principle of res adjudicata requiring identity of parties is not satisfied in this case, because the Frisco was not a party to the former suit. But the principle is not applied here in behalf of the Frisco; it is applied as between the plaintiff and Producers, both of whom were parties to the former suit. We have held that even though the parties to the present suit were not in antagonistic positions in the former suit, that fact will not deprive the former judgment of its force and effect, provided they were proper parties to the first suit and that the questions now raised were or could have been asserted therein. City of El Reno v. Cleveland Trinidad Paving Co., 25 Okla. 648, 107 P. 163, 27 L. R. A. (N. S.) 650; Woodworth v. Town of Hennessey, 32 Okla. 267, 122 P. 224.

Plaintiff also contends that, since the present action is for the recovery of damages sustained between the dates of the prior suit and the present one, the instant case constitutes a different cause of action and for that further reason the doctrine of res adjudicata is not applicable. We see no difference except in the relief demanded; further, it is immaterial in this case whether the causes of action are different, the properly applicable principle being estoppel by judgment rather than that of res adjudicata.

The facts upon which the plaintiff relied to establish the **liability** of the defendant Producers were the same as in the former suit, the pleadings were substantially identical, and both the pleadings and the evidence reflect that plaintiff proceeded from the outset on the theory that he could relitigate the question of defendant's liability. In fact, the petition as drawn reached back into the period of time covered by the petition in the former case, in that in this case plaintiff sought damages accruing since May 1, 1928, whereas the petition in the former case was filed on November 3, 1928, a fact indicating that plaintiff did not rely on any change in the physical characteristics of the alleged nuisance as taking the instant case away from the operation of the former judgment. Nor did the plaintiff, in the trial of the case, offer any evidence tending to show a material and substantial change in the nature of the embankment, dam, or elevation occurring since the filing of the petition in the first suit. In the rule permitting successive actions on an abatable nuisance there is no reason for permitting either the plaintiff or the defendant to relitigate the issue as to liability when there is an absence, in the alleged nuisance, of a material and substantial change affecting the result.

The rule permitting successive actions for damages successively caused by a continuing and abatable nuisance is partially based upon the expectation that if one is harming his neighbor, and can so remedy the situation as to abate the harmful effect which he is causing, he will do so. The rule works for the good of both plaintiff and defendant. No greater damages can be assessed against the defendant than the mere temporary injuries caused by the continuance of the nuisance.

Thus the law permits and encourages the defendant to save himself from paying large damages on the supposition that, acting in good faith, he will abate or stop the thing which is harming the plaintiff. If his conscience does not cause him to abate it, then later his financial interests will, for if he is forced to continue the payment of repeating damages, the time will come when their sum total will exceed either the entire value of plaintiff's land, or the expense of abating the nuisance in the first place, or both. It is thus made evident that the rule permitting successive actions relates to the law of damages and has no relation to the question of whether a tort has in fact been committed. Therefore it is neither in conflict with nor an exception to the rule of estoppel by judgment, and the two rules are consistent.

All the way through this case apparently there has been confusion as to the distinction between the use of a former adjudication as an absolute bar to a second action, and its more restricted use as a conclusive adjudication of some issue or matter material to the determination of the second action. The principle herein used and applicable is more properly designated as that of estoppel by judgment, or estoppel by verdict. Estoppel by judgment or verdict is

sometimes available and proper in the second suit, even upon a different cause of action.

Where the cause of action in the second suit is the same as that in the first suit, a final judgment in the first suit upon the merits is a complete bar to the maintenance of the second, and if the petitions are substantially identical the matter is **res adjudicata,** it is a **complete** bar. On the other hand, where the causes of action involved in the two suits are different, the use of the doctrine is limited to those issues common to both actions which were expressly or by necessary implication adjudicated in the first, and it is an **estoppel by judgment.** 2 Freeman on Judgments (5th Ed.) 1429.

The issue as to defendant's liability was the same in both cases, was common to both actions. It does not matter that the relief demanded in the second action is different (2 Freeman, 1441), for manifestly, unless there is liability, the plaintiff is not entitled to judgment, regardless of in what restricted period of time the damages were sustained. In Woodworth v. Town of Hennessey, supra, we said:

" 'Where some specific fact or question has been adjudicated and determined in a former suit, and the same fact or question is again put in issue in a subsequent suit between the same parties, its determination in the former suit, if properly presented and relied on, will be held conclusive upon the parties in the latter suit, without regard to whether the cause of action is the same in both suits or not. This species of estoppel is known to the law as an estoppel by verdict and is equally available to a plaintiff in support of his action, when the circumstances warrant it, as when offered by a defendant as a matter of defense.' * * * In Chicago Title & Trust Co. v. Moody, 233 Ill. 634, 84 N. E. 656, it is said: 'It has been repeatedly held by this court that where some controlling fact or question material to the determination of a case has been adjudicated in a former suit, and the same fact or question is again at issue between the same parties, the former adjudication will, if properly presented, be controlling of the question in the latter suit, irrespective of whether the cause of action in both cases is the same or not.' In 23 Cyc. 1215, the rule is laid down as follows: 'A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a domestic court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action, and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court or in any other court of concurrent jurisdiction, upon the same or a different cause of action.' This rule is supported by authorities from almost every state in the Union. * * * In Southern Pacific Railway Co. v. United States, 168 U. S. 24, 18 Sup. Ct. 27 (42 L. Ed. 355), Mr. Justice Harlan, in a very exhaustive and satisfactory opinion, announces the following rule: 'The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This very rule is demanded by the very object for which civil suits have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of persons and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them.' "

The pivotal and fundamental fact litigated and adjudged in the former trial was that no nuisance existed, that if plaintiff suffered damages, defendant was not accountable therefor, the effect of which judgment was stated by us in Deming Investment Co. v. Shannon, 62 Okla. 277, 162 P. 471, in the following language:

"The rule as to the binding effect of an adjudication of a pivotal question of fact and its bearing upon a subsequent presentation of that fact in another action as distinguished from the effect of a former adjudication of the entire cause of action involved in the subsequent proceedings, is illustrated by Cyc., in comment on actions on installments or successive causes, as follows, to wit: 'Where a series of actions are brought for installments due, under a contract, or successive actions on a continuing or recurring cause, an adjudication in the first action on the **fundamental state of fact** on which they all rest will be conclusive in the rest, precluding inquiry into such ultimate facts or grounds of recovery.' "

The controlling question in this lawsuit, aside from the extent of plaintiff's damages, was the existence or nonexistence of liability. That was the first issue to be decided; it was all-controlling; in its absence the extent of plaintiff's damages was immaterial.

We have searched this record and the abstract of all the evidence in the federal court, which abstract was contained in the present record. The issues, except as to the period for which damages were claimed, were the same and the evidence was substantially the same. In the rule permitting successive actions for damages occasioned by a nuisance there is nothing preventing the application of the doctrine of estoppel by judgment to the question of liability. 15 R. C. L. 976 says:

"While this doctrine of the effect of a judgment as an estoppel in subsequent actions is limited to matters involved in the litigation, it is generally held to be equally applicable whether the point decided is, of itself, the ultimate vital point, or only incidental, if still necessary to the decision of that point, and a judgment in a prior suit is deemed final and conclusive in subsequent litigation between the parties, or their privies, as to those matters **necessarily determined** or implied in reaching the final judgment, **although no specific finding** may have been made in reference thereto, and though it was not raised as an issue by the pleadings in the former action."

2 Freeman on Judgments (5th Ed.) section 706, says:

"In a second action for damages from a continuing nuisance or trespass, the judgment in a former action for damages from the same nuisance or trespass is conclusive as to the **rights** of the parties, except as they may be affected by a material change in the conditions in the interim. If judgment was for the plaintiff it conclusively establishes his right to any further damages shown to have resulted from the same cause. And the mere fact that some changes in the conditions may have occurred is immaterial if they are not shown to have affected the result."

To the same effect is Black on Judgments, vol. 2 (2d. Ed.) sec. 742.

The cases of Scheurich v. Empire District Electric Co. (Mo. Sup.) 188 S. W. 114, City of Covington v. Faulhaber (Ky.) 197 S. W. 1065, and Colwell v. Alpena Power Co., Ltd., (Mich.) 157 N. W. 21, cited in the brief of plaintiff, are not applicable to this case. In those cases the plaintiffs recovered judgments in former suits; then, in the second action for new damages, the defendants contended that the **extent** of plaintiffs' damages was res adjudicata for all time, and that no further recovery could be had. The courts held against such plea of res adjudicata, because of the temporary nature of the nuisances which were abatable, and this is in line with our decisions on that question, as announced in City of Ardmore v. Orr, 35 Okla. 305, 129 P. 867; St. Louis & S. F. Ry. Co. v. Ramsey, 37 Okla. 448, 132 P. 478; Ponca Refining Co. v. Smith, 73 Okla. 6, 174 P. 268; Ponca City Milling Co. v. Krow, 131 Okla. 98, 267 P. 629. But the question of primary liability or nonliability, as such, was not involved in those cases.

We therefore conclude that the trial court was correct in its ruling, and the judgment is affirmed.

McNEILL, C. J., and RILEY, BUSBY, and CORN, JJ., concur.