Zimmerman, J.
Both lower courts, in support of their respective judgments, relied principally on the case of Vasu v. Kohlers, Inc., 145 Ohio St., 321, 61 N. E. (2d), 707, 166 A. L. R., 855, and particularly on the fourth paragraph of the syllabus thereof which reads:
“Injuries to both person and property suffered by the same person as a result of the same wrongful act are infringements of different rights and give rise to distinct causes of action, with the result that the recovery or denial of recovery of compensation for damages to the property is no bar to an action subsequently prosecuted for the personal injury, unless by an adverse judgment in the first action issues are determined against the plaintiff which operate as an estoppel against him in the second action.”
The courts below reached the conclusion that such case is authority for the proposition that where the same person sustains injury to both his property and his person as the result of the same incident and due to the claimed negligence of another, an infringment of different rights occurs, so that he has two causes of action — one for damage to his property and the other for injury to his person; that, hence, where he prosecutes those causes of action separately, a verdict and judgment against him in one case do not preclude him from litigating the other, and his success in the other case is not prevented by an adverse result in the first; and that in such a situation res judicata or estoppel may not be invoked by his opponent.
It must be conceded there is some basis for such *259 conclusion due to the wording of the fourth paragraph of the syllabus and certain language employed in the opinion of the Vasu case. However, we think the Court of Common Pleas and the Court of Appeals relied too heavily on the first part of the fourth paragraph of the syllabus in that case and failed to apprehend the significance of the last three lines thereof read in conjunction with the fifth paragraph which recites:
“A right, question or fact in issue which was necessarily determined by a court of competent jurisdiction in a judgment which has become final, cannot be disputed or litigated in a subsequent suit between the same parties, although the subsequent suit is based upon a different cause of action.”
Actually, the fourth paragraph of the syllabus in the Vasu case means and was intended to mean that where a second action is instituted upon a claim, demand or cause of action different from that involved in the first action, the judgment in the first action is not a bar to the prosecution of the second, but operates only as an estoppel with regard to points or questions actually litigated and determined in the first action. See Vaughn’s Admr. v. Louisville & N. R. Co., 297 Ky., 309, 179 S. W. (2d), 441, 152 A. L. R., 1060; McKee, Exrx., v. Producers & Refiners Corp., 170 Okla., 559, 41 P. (2d), 466.
Both the plaintiff and defendant herein were adverse parties in case No. 24979, referred to ab'ove in the statement of the case. In that action the decisive issue of negligence was squarely raised between them and fully litigated, and the jury, by its answer to the interrogatory and by its verdict, found the issue of negligence against the plaintiff herein, and judgment in favor of the defendant herein was rendered accordingly. The fact that in the former case damage to property was involved whereas in the present case *260 injury to the person is the subject of the action makes no difference; the standards by which negligence is determined are the same in both instances.
All the authorities agree that the doctrine of res judicata rests on the principles that the same person should not be twice vexed over the same dispute, and that it is for the benefit of society that there be an end to litigation.
Although “res judicata” and “estoppel by judgment” have been distinguished (see for example Gordon v. Gordon [Fla.], 59 So. [2d], 40), they are certainly akin. Briefly stated, “estoppel by judgment” simply means that the final adjudication of a material issue by a court of competent jurisdiction binds the parties in any subsequent proceeding between or among them, irrespective of a difference in forms or causes of action.
Thus in the case of Hixson v. Ogg, 53 Ohio St., 361, 42 N. E., 32, the law is laid down in the syllabus as follows:
“Where issue has been joined on a material fact in an action, and the issue judicially determined and carried into judgment by a court having jurisdiction of the action, the parties to such action are concluded by such finding until the judgment is reversed or set aside. And the fact thus established cannot be retried by the same parties in any subsequent action, whether the second action is upon the same or a different subject matter from the first.”
And in the much later case of Ross, an Infant, v. Stricker, 153 Ohio St., 153, 91 N. E. (2d), 18, the first paragraph of the syllabus is:
“A point or a fact which was actually and directly in issue in an action or in a branch of the same action and was there passed upon and finally determined by a court of competent jurisdiction may not be drawn in question in any future action or litigation between *261 the same parties or their privies, whether the cause of action in the two actions or branches of the same action be identical or different.”
See, also, Quinn, Aud., v. State, ex rel. Leroy, 118 Ohio St., 48, 160 N. E., 453; Wright, Admr., v. Schick, 134 Ohio St., 193, 16 N. E. (2d), 321, 121 A. L. R., 882; Gibson v. Solomon, 136 Ohio St., 101, 23 N. E. (2d), 996, 125 A. L. R., 903; Conold v. Stern, 138 Ohio St., 352, 35 N. E. (2d), 133, 137 A. L. R., 1003; Norwood v. McDonald et al., Admrs., 142 Ohio St., 299, 52 N. E. (2d), 67.
Such holdings correspond with the generally accepted law on the subject. See 50 Corpus Juris Secundum, 141, Judgments, Section 686; 30 American Jurisprudence, 920, Section 178.
It is our view that by reason of the verdict and final judgment in case No. 24979, mentioned above, wherein the plaintiff and defendant in the present action were opposing parties and wherein the decisive issue of negligence was litigated and definitely adjudicated adversely to such plaintiff, he is concluded thereby to relitigate such question. Such issue being a material and decisive one, entry of judgment for the defendant herein is required.
The judgment of the Court of Appeals is, therefore, reversed, and final judgment is rendered for the defendant, Dealers Transport Company.

Judgment reversed.

Weygandt, C. J., Middleton, Tapt, Hart and Stewart, JJ., concur.
Lamneck, J., not participating.