Cleve Carl WRIGHT, Plaintiff,

v.

Imogene WALLING, Defendant.

Civ. A. 1386.

United States District Court
W. D. Arkansas,
Fort Smith Division.

Feb. 7, 1958.

Jeptha A. Evans, Booneville, Ark., Robert R. Cress, Tulsa, Okl., for plaintiff.

Hardin, Barton, Hardin & Garner, Fort Smith, for defendant.

JOHN E. MILLER, District Judge.

This is an action by the plaintiff, Cleve Carl Wright, a resident of Tulsa, Oklahoma, against the defendant, Imogene Walling, a resident of Fort Smith, Arkansas, wherein plaintiff seeks to recover a judgment in excess of $3,000 for personal injuries he sustained as a result of an automobile accident occurring on August 9, 1956. Among other things, plaintiff alleges:

"That on or about the 9th day of August, 1956, while driving his Nash automobile in low gear toward the curb in front of 1108 Forest Drive, Sand Springs, Oklahoma, on his proper right hand side of said street, his machine was struck from the rear and collided with by a Buick automobile, owned and being operated by defendant, Imogene Walling, causing plaintiff's head to strike some portion of the door, resulting in severe pain above both eyes and inducing a recurrence of his left supraorbital neuritis, necessitating an operation on plaintiff's brain for a removal of a section of the left supraorbital nerve, requiring plaintiff to be hospitalized."

Plaintiff further alleges that the defendant was guilty of negligence in failing to maintain a lookout, failing to keep her vehicle under control, and operating her vehicle in a reckless manner.

In due time the defendant filed a motion to dismiss or in the alternative for summary judgment in her favor, attaching to said motion certain exhibits in support thereof. The parties have filed briefs in support of and in opposition to said motion, and it is now before the Court for final disposition.

■■ Since the Court is called upon to consider matters outside the pleadings, the Court is treating defendant's motion as one for summary judgment under Rule 56, Fed.Rules Civ.Proc., 28 U.S.C.A. See, Rule 12(c), F.R.C.P. Defendant is entitled to a summary judgment in her favor if, and only if, there is no genuine issue as to any material fact and she is entitled to a judgment as a matter of law.

The material facts controlling the validity of defendant's motion are undisputed, and are as follows:

On August 13, 1956, Roy Walling and Imogene Walling filed an action against C. C. Wright in the Justice of the Peace Court for District No. 11, Division 2, Tulsa County, Oklahoma.

On August 15, 1956, Roy and Imogene Walling, husband and wife, employed Jesse D. Swift, an attorney residing in Sand Springs, Oklahoma, to prosecute their suit against C. C. Wright (who is the same person as the plaintiff herein, Cleve Carl Wright).

On August 18, 1956, C. C. Wright, through his attorney, Donald Church, filed an answer in the Justice of the Peace Court denying that he was guilty of any negligence, and alleging that the negligence of Mrs. Roy Walling (Imogene Walling) was the proximate cause of the accident and resulting damages. Wright specifically alleged that Mrs. Walling drove at an excessive rate of speed; failed to yield the right of way; failed to keep a proper lookout; failed to use ordinary prudence to avoid the accident; and failed to keep her vehicle under proper control.

On the same date, August 18, 1956, the case went to trial. C. C. Wright appeared in person and with his attorney, Don-

ald Church, but did not testify in the case. His attorney, Donald Church, did cross-examine plaintiff's witnesses. The record shows the following disposition of the case by the Justice of the Peace Court:

"The trial came on for hearing at 9:00 a. m. whereupon it appeared by the plaintiff's evidence that a certain accident occurred involving the defendant's car and the plaintiff's car. It appeared by the undisputed testimony of the plaintiff's witness that the accident was caused by the defendant's negligence and that the plaintiff was damaged in the amount prayed for in the plaintiff's Bill of Particulars. The defendant's demurrer to the evidence was overruled; the defendant elected to stand on his demurrer without presenting any evidence, whereupon judgment was entered against the defendant in the amount of $175 and costs of the action. By oral motion in open court the defendant gave notice of his intention to appeal this action to the Common Pleas Court of Tulsa County."

On August 21, 1956, Robert R. Cress, an attorney residing in Tulsa, Oklahoma, wrote a letter to the Wallings' attorney, Jesse D. Swift, advising that Cress represented C. C. Wright; that Wright was injured in the collision; that Cress claimed an attorney's lien upon any moneys paid Wright in settlement or compromise; and stating that he (Cress) would be glad to discuss the matter with Mrs. Walling's liability carrier.

On December 12, 1956, an appeal bond and a transcript of the proceedings in the Justice of the Peace Court were filed in the Court of Common Pleas for the County of Tulsa, State of Oklahoma.

On May 9, 1957, Roy and Imogene Walling filed an amended petition against C. C. Wright in the Court of Common Pleas, alleging, among other things:

"That on or about the 9th day of August, 1956, Imogene Walling was driving her car in an easterly direction on Forest Drive Avenue in the City of Sand Springs, Oklahoma, and that while so proceeding with due caution her car was struck on the right hand side thereof by a car driven by the defendant, C. C. Wright. That the said defendant, without looking, did carelessly and negligently back his car from the private driveway of his property, which property is located in the City of Sand Springs, Oklahoma on Forest Drive Avenue, aforesaid, without signaling or making any warning whatsoever and backed into the car driven by the plaintiff which was then passing in front of said driveway. That as a result of the defendant's negligence aforesaid, his car struck that of the plaintiff damaging the right hand side thereof to the extent of $125."

Wright filed a demurrer, which was overruled, and on June 17, 1957, Wright, through his then attorney, Windell D. Knox, filed an answer denying generally and specifically each allegation contained in plaintiffs' petition.

On October 23, 1957, the case was tried in the Court of Common Pleas for Tulsa County, Oklahoma. Prior to the trial leave was granted to Roy Walling to withdraw as a party plaintiff. The parties waived a jury, and the case was tried to the court. The "Journal Entry of Judgment" of the court is as follows:

"Now on this 23rd day of October, 1957, the above styled matter came on regularly for trial, the plaintiffs appearing by their attorney, Jesse Swift, and the defendant being present in person and by his attorney, Windell D. Knox, and both parties announcing ready for trial, the jury being waived, the defendant's counsel made a motion to strike the portion of the plaintiffs' petition alleging damage for misinformation, and said defendant's motion being sustained, and the plaintiffs being allowed to amend their petition to show a cause of action for damages not to exceed $80.02, and the plaintiffs having introduced sworn testi-

mony, and after argument made by counsel, the Court being fully advised in the premises, finds the actions sufficient for granting a judgment to the plaintiffs for $75.11;

"It Is, Therefore, Accordingly Ordered, Adjudged and Decreed that judgment in the amount of $75.11, plus all court costs of this action, be allowed to the plaintiffs herein.

"/s/ Lloyd H. McGuire

"Judge of Common Pleas Court"

At the trial in the Common Pleas Court, C. C. Wright appeared in person and with his attorney, Windell D. Knox, and Wright testified in his own behalf.

On November 13, 1957, Wright paid Imogene Walling the sum of $75.11, and the judgment of the Court of Common Pleas was satisfied.

In the instant action the defendant, Imogene Walling, contends that the judgment of the Court of Common Pleas of Tulsa County, Oklahoma, conclusively determined that she was not guilty of any negligence in the accident in question and that Cleve Carl Wright was guilty of negligence; that plaintiff herein, Cleve Carl Wright, by the doctrine of estoppel by judgment is prevented from re-litigating the question of whether Imogene Walling was guilty of negligence.

Plaintiff contends that the prior action originated in a court of inferior jurisdiction which had no power to entertain his claim against Imogene Walling since it was for an amount in excess of $200; that his failure to assert a counterclaim in the Justice of the Peace Court or in the Court of Common Pleas does not prevent him from maintaining a separate suit; and that the doctrine of estoppel by judgment does not apply in the instant case.

■ It should be noted in the beginning that the issue of estoppel by judgment will be governed by the Oklahoma law and the effect accorded the judgment of the Court of Common Pleas in this Court must be the same as the effect that would be accorded it in the courts of Oklahoma. National Lead Co. v. Nulsen, 8 Cir., 131 F.2d 51, 56.

■ Plaintiff concedes, as indeed he must, that the law of Oklahoma recognizes the doctrine of estoppel by judgment, at least where the judgment was rendered by a court of concurrent jurisdiction.

In the recent case of Runyan v. City of Henryetta, Okl., 321 P.2d 689, 693, the court pointed out the distinction between res judicata and estoppel by judgment in the following language:

"Defendant has also pleaded estoppel by judgment. Although the terms 'res judicata' and 'estoppel by judgment' are sometimes used interchangeably, there is, in this jurisdiction at least, a difference in their meaning, the former being applied to the use of a former adjudication as an absolute bar to a second action upon the same cause of action, and the latter being applied to the somewhat more restricted use of a former adjudication as a conclusive adjudication of some issue, fact or matter material to the determination of a second action. The distinction was noted by this court in the case of McKee v. Producers & Refiners Corporation, 170 Okl. 559, 41 P.2d 466, 467, wherein the fourth paragraph of the syllabus reads as follows:

" 'Distinction between doctrines of res adjudicata and estoppel by judgment is that where the two causes of action are the same the first judgment is a complete bar to the second action, but where the two causes of action are different the parties are estopped by judgment to deny only those matters which are common to both suits; The former is the doctrine of res adjudicata, the latter is estoppel by judgment.'

"Where an estoppel by a former judgment rendered upon one cause of action is sought to be applied to matters arising in a suit on a different cause of action, the inquiry is whether the question of fact in issue

in the latter case is the question of fact actually determined in the former action, and not what might have been litigated and determined therein. Harding v. Taylor, Okl., 272 P.2d 443; Johnson v. Whelan, 186 Okl. 511, 98 P.2d 1103."

In McKee v. Producers & Refiners Corp., 170 Okl. 559, 41 P.2d 466, 469, the court quoted from a previous decision as follows:

"'Where some specific fact or question has been adjudicated and determined in a former suit, and the same fact or question is again put in issue in a subsequent suit between the same parties, its determination in the former suit, if properly presented and relied on, will be held conclusive upon the parties in the latter suit, without regard to whether the cause of action is the same in both suits or not. This species of estoppel is known to the law as an estoppel by verdict and is equally available to a plaintiff in support of his action, when the circumstances warrant it, as when offered by a defendant as a matter of defense.'"

See also, Deep Rock Oil Corp. v. Sheridan, 10 Cir., 173 F.2d 186; Garrison v. Bonham, 207 Okl. 599, 251 P.2d 790.

It is unquestionably true in the instant case that the rule of estoppel by judgment, if applicable, would preclude the plaintiff herein from asserting that the defendant was guilty of negligence in the accident in question. The matter was fully litigated in the Justice of the Peace Court and in the Court of Common Pleas for Tulsa County, Oklahoma, and both courts determined that Imogene Walling was not guilty of any negligence. This is necessarily so because she could not have recovered a judgment against Wright if she had been guilty of any negligence.

The Oklahoma law does not recognize the doctrine of comparative negligence, and contributory negligence on the part of a plaintiff prevents a recovery by him (or her). Sinclair Prairie Oil Co. v. Thornley, 10 Cir., 127 F.2d 128, 132;

Mount v. Nichols, 198 Okl. 282, 177 P.2d 1013; Hailey-Ola Coal Co. v. Morgan, 39 Okl. 71, 134 P. 29. The judgment in favor of Imogene Walling in the Court of Common Pleas indicates conclusively a finding by the court that she was guilty of no contributory negligence and that Cleve Carl Wright was guilty of negligence which was the proximate cause of the damages she sustained. In the instant case Wright is attempting to again assert that Imogene Walling was guilty of negligence, but the rule of estoppel by judgment precludes him from re-litigating this issue, unless the rule is inapplicable by reason of the fact that the judgment of the Court of Common Pleas was the result of an action instituted in an inferior court not having jurisdiction over the full amount of Wright's alleged claim against Imogene Walling.

Thus, the remaining question is whether the fact that the prior action was initiated in a court of inferior jurisdiction prevents the application of the estoppel by judgment rule in the instant suit.

The jurisdiction of the Justice of the Peace Court was limited to actions where the amount claimed did not exceed $200, and upon appeal, the jurisdiction of the Court of Common Pleas was likewise limited. Title 39 Okla.Stats., Anno. § 82; Phillips v. Musson, 151 Okl. 155, 2 P.2d 1032. The fact that Wright could not prosecute his claim for damages against Imogene Walling in the Justice of the Peace Court and in the Court of Common Pleas does not, however, prevent the rule of estoppel by judgment from applying. In Moore v. Harjo, 10 Cir., 144 F.2d 318, 322, the court said:

"It is the general rule that where existing facts constitute a defense to a pending action and also constitute an affirmative cause of action against the plaintiff, the defendant may at his option tender them or reserve them for an independent action. And if he reserves them, a judgment against him in the action does not foreclose him from subsequently asserting them as an affirmative action. Virginia-Carolina

Chemical Co. v. Kirven, 215 U.S. 252, 30 S.Ct. 78, 54 L.Ed. 179; Pierce v. National Bank of Commerce, 8 Cir., 268 F. 487.

"Sometimes however facts which are both defensive and constitute an independent cause of action are necessarily negatived by the judgment. In some instances, it is implicit in the judgment that no such facts exist. In some circumstances, the facts constituting the defense and also the affirmative cause of action are so intimately and inextricably intertwined with the plaintiff's cause of action, that a judgment for plaintiff necessarily adjudicates their nonexistence, even though not pleaded either by way of defense or cross-action; and in such circumstances, they cannot be subsequently pleaded, either in defense or affirmatively."

To like effect, in Henley v. Panhandle Eastern Pipeline Co., D.C.Mo., 138 F. Supp. 768, 772, Judge Whittaker (now a Justice of the Supreme Court of the United States) stated:

"But plaintiff further says that, even if he could have counterclaimed against Panhandle in the Kansas case he did not have to do so, because, under the Kansas law, counterclaims are not 'compulsory', and are not lost by non-assertion in a pending action. While this appears to be true so far as the Kansas statutes are concerned, that fact does not affect the principle that one, who withholds filing of his counterclaim, may lose it, in the event of an adverse result in the pending suit, under principles of res judicata or of estoppel by judgment. * * * While, as stated, the Kansas statutes do not make counterclaims compulsory, yet one, by withholding his counterclaim from the pending suit, takes a chance, under the principle of res judicata and of estoppel by judgment, of being precluded from later maintaining an independent suit thereon if the first action deter-

mines the question of fault or liability adversely to him."

In support of his contentions plaintiff relies primarily upon the Restatement of the Law of Judgments, and upon an Annotation entitled "Res judicata as affected by limitation of jurisdiction of court which rendered judgment", 147 A. L.R. 196–232. As originally published, Section 71 of the Restatement of Judgments provided:

"Where a court has incidentally determined a matter which it would have had no jurisdiction to determine in an action brought directly to determine it, the judgment is not conclusive in a subsequent action brought to determine the matter directly.

\*    \*    \*    \*    \*    \*

"Comment: * * *

"d.    Courts of limited jurisdiction. * * *

"The rule is applicable where an action is brought in a court which has jurisdiction only where the amount in controversy does not exceed a specified sum. If an action is brought in such a court to enforce a claim for less than the designated amount, and the liability of the defendant depends upon a determination of a particular matter, the determination of this matter, although conclusive in this action, is not conclusive in a subsequent action between the parties involving a claim exceeding the designated sum, brought in a court whose jurisdiction is not limited as to the amount in controversy.

"Illustration:

"1. A brings an action against B in a court which has jurisdiction of claims not exceeding $100 to recover accrued interest of $50 on a promissory note not yet matured for $1000 executed by B and payable to A. B alleges that the note was secured by fraud. Whether the verdict and judgment are for A or B, the judg-

ment is not conclusive on the issue of fraud in a subsequent action brought by A against B in a court of unlimited jurisdiction to recover the principal on the note after its maturity."

In the Annotation above referred to, beginning at page 226 of 147 A.L.R., the author points out the fact that the Restatement made "no distinction between a situation in which the jurisdiction of the court rendering a judgment is limited with respect to the amount in controversy and a situation in which it is limited with respect to the nature of the subject matter". The author went on, however, to note the further fact that only two cases could be found supporting the Restatement rule as applied to judgments of a court having limited jurisdiction with regard to the amount in controversy, whereas a substantial number of cases were found which reached an opposite result, either directly or inferentially.

In the 1948 Supplement of the American Law Institute Restatement of the Law, Section 71 of the Restatement of Judgments was amended by deleting the portion of Comment d and Illustration 1 above set out. The reason for the change was stated as follows:

"The second paragraph of original Comment d associated with the rule laid down in Sec. 71, the case of a court whose jurisdiction is limited as to the amount in controversy. The suggestion of the comment was that such a court does not have jurisdiction to consider a claim for a greater amount and, therefore, its adjudication of such a claim when set up by way of defense to a claim within its jurisdiction should not be conclusive in a subsequent action between the parties involving the larger claim. It appears that the great weight of authority both before the Restatement and subsequently is to

the contrary effect. For the earlier authorities see the cases collected in the note to Geracy, Inc., v. Hoover, 147 A.L.R. 185, 226–232. Two late cases; Geracy, Inc., v. Hoover, 1942, 77 U.S.App.D.C. 55, 133 F.2d 25, 147 A.L.R. 185 and Forman v. Massoni, Tex.Civ.App.1943, 176 S.W.2d 366 are also directly contrary to the portion of the comment deleted.

"It would seem that there is a difference in principle between a court whose jurisdiction is general but limited as to amount involved and a court whose jurisdiction is limited by subject matter. In the former case the court may entertain a claim for an amount in excess of its jurisdiction if the excess is waived. It thus has jurisdiction to decide the question involved although not to give complete relief. The court whose jurisdiction is limited to a certain specific subject matter, however, may not entertain at all a claim involving a subject matter not within its jurisdiction."

Thus, it is clear that the Restatement of the Law of Judgments is no longer authority supporting plaintiff's contention in the instant case. As a matter of fact, it seems that practically all of the cases considering the precise point have held that the rule of estoppel by judgment or res judicata applies even though the judgment relied upon is one of an inferior court having no jurisdiction to entertain the defendant's entire counterclaim because of the amount in controversy. Two cases exactly in point are Forman v. Massoni, Tex.Civ.App.1943, 176 S.W.2d 366, and Allamong v. Falkenhof, 1930, 39 Ohio App. 515, 177 N.E. 789.[1]

In the Forman case the litigation arose out of an automobile collision between an automobile owned and driven by Forman and an automobile owned and driven by

1. For other cases of similar nature, see, Geracy, Inc., v. Hoover, 77 U.S.App.D.C. 55, 133 F.2d 25, 147 A.L.R. 185; Canton-Hughes Pump Co. v. Llera, 6 Cir., 205 F. 209 (second appeal, 6 Cir., 215 F. 79); Todhunter v. Smith, 219 Cal. 690, 28 P.2d 916; Jones v. Charles Warner Co., 2 Boyce 566, 25 Del. 566, 83 A. 131; Baronian v. Sealy Oil Mill & Mfg. Co., Tex.Civ.App., 9 S.W.2d 292.

Massoni. Forman filed suit against Massoni in the County Court to recover damages to his automobile. Massoni filed a cross action against Forman in the County Court, but dismissed it before submission of the issues to the jury since the amount involved was in excess of the jurisdiction of the County Court. The jury found the issues in favor of Forman, and a judgment was rendered on the verdict of the jury.

Massoni paid the judgment of the County Court, and then filed an action against Forman in the District Court, a court of general jurisdiction, to recover damages to his automobile. In the latter action Forman filed a plea of res judicata and estoppel by judgment based upon the judgment entered in the County Court. The District Court overruled the plea of res judicata and estoppel by judgment, and upon trial of the case judgment was rendered in favor of Massoni and against Forman. Upon appeal the Texas Court of Civil Appeals reversed the District Court, and in its opinion the Court, beginning at page 367 of 176 S.W.2d, said:

"We have carefully considered the points presented. Since appellee's claim for damage was beyond the County Court's power to adjudicate, the judgment of the County Court could not be res judicata thereon. See Tex.Jur., Vol. 26, Sec. 442, page 192. However, the same issues which are presented in this case were presented in the County Court case and there determined in favor of appellant against appellee. The County Court had the power to determine such issues, even though it had no power to adjudicate appellee's cause of action based on such issues. For the only limitation upon the jurisdiction of the County Court on suits to recover damages is that such suits (in the first instance) shall be for not less than two hundred nor more than one thousand dollars. The County Court being a court of general jurisdiction within its prescribed limitations, there is no legal reason why, when issues between

parties have been determined in that Court, such parties will not be estopped to litigate such issues in other actions.

\* \* \* \* \* \*

"As a result of a collision one party may suffer damages in the sum of $50,000, the other damages in the sum of not more than $19, a sum less than the appellate jurisdiction of the County Court. Upon the principle underlaying the holding we have made in this case a conclusive determination of the action for $50,000 might doubtless be had in the Justice Court. In such a case the public policy which limits the jurisdiction of the Justice Court to small matters obviously is inconsistent with the public policy embodied in the doctrine of estoppel by judgment, but is not necessarily in conflict therewith. If the defect requires remedying, recourse must be had to the policy making power of the State which fixes the jurisdiction of courts."

In the Allamong case the litigation arose out of a collision occurring between an automobile owned and driven by Allamong and an automobile owned and being driven by Falkenhof. Falkenhof brought an action in the Municipal Court to recover damages sustained to his automobile by reason of the negligence of Allamong. Allamong filed a statement denying any negligence on his part, and alleging that the collision was caused solely by the negligence of Falkenhof. Upon trial in the Municipal Court Falkenhof obtained a recovery of $154 for the damage to his automobile.

On the day after the filing of the action in the Municipal Court, Allamong brought a suit against Falkenhof in the Court of Common Pleas, alleging serious personal injuries as well as damages to his automobile. Falkenhof interposed the defense of res judicata based upon the Municipal Court judgment, and said defense was sustained by the Court of Common Pleas. Upon appeal the Court of Appeals of Ohio, Cuyahoga County, affirmed the judgment of the Court of

Common Pleas, and in doing so the court, beginning at page 791 of 177 N.E., said:

"Now it is claimed that this is not res judicata, because in the Common Pleas Court there were alleged very serious injuries to the plaintiff, that is, personal injuries, which in amount were much greater than the municipal court had jurisdiction of, and that, therefore the matter could not be res judicata, because the municipal court did not have complete jurisdiction over the possible amount that might have been recovered, for, as alleged in the plaintiff's petition, the plaintiff suffered the loss of one, if not both, eyes, and of course, that injury, if sustained by proof, would entitle the plaintiff to much greater damages than the municipal court could allow.

\*      \*      \*      \*      \*      \*

"So the basis for the right to recover anything or any amount is the negligence of the defendant that is sued, and, if there were no negligence, of course, there could be no recovery. So that was the gravamen of the offense, and the cause, if it existed, which would give rise to a right of recovery.

"Now over that question the municipal court had jurisdiction, and that was the issue that was raised, as shown by the pleadings and files in the case in the municipal court, and that was determined by the court in favor of the plaintiff in that action, the defendant in the common pleas action. The court found that the defendant in the municipal court action was guilty of negligence which caused the injury to the then plaintiff's automobile, that the plaintiff in that action, the the defendant in the common pleas action, was guilty of no negligence, and that judgment was affirmed by the Court of Appeals and remains as the law of that case, and, however we may regret the inability of the plaintiff to present the damage to his person, the loss of his eyesight to the

court and jury, it is something over which we now have no control."

The court further stated that a possible remedy would be for the defendant in the inferior court to file an action in a court of general jurisdiction and then seek to enjoin the prosecution of the action in the inferior court.

It is interesting to note that in the Allamong case the issue was one of first impression in the State of Ohio, and similarly in the Forman case the issue was one of first impression in the State of Texas.

Apparently the Oklahoma courts have not passed upon the question herein involved, and this Court must make an "informed prophecy" as to what the Oklahoma courts would hold if the issue were before them. Mutual Ben. Health & Acc. Ass'n v. Cohen, 8 Cir., 194 F.2d 232, 241; Note, 11 Ark. Law Review 456. This Court is convinced that the Oklahoma courts would follow the overwhelming weight of authority to the effect that the judgment of an inferior court, where said court has jurisdiction of the subject matter but is limited to a certain amount in controversy, will operate as an estoppel against the parties in a subsequent action as to matters of fact actually litigated in the inferior court.

As heretofore noted, in the instant case it is clear that the question of whether Imogene Walling was guilty of any negligence was litigated in the Justice of the Peace Court and in the Court of Common Pleas of Tulsa County, Oklahoma. Both courts found her to be free of negligence or contributory negligence and found Cleve Carl Wright to be guilty of negligence. In this action, between the same parties, Wright seeks to relitigate these questions of negligence. Under the rule of estoppel by judgment he is precluded from doing so, and the defendant, Imogene Walling, as a matter of law is entitled to a summary judgment in her favor. Compare, Henley v. Panhandle Eastern Pipeline Co., supra, 138 F.Supp. 768, 772.

A judgment in accordance with the above should be entered.