STATE of Oklahoma, ex rel. Helen PATE, Appellant,

v.

INDEPENDENT SCHOOL DISTRICT NO. 67 OF LEFLORE COUNTY, OKLAHOMA; Ray Pebsworth, Jerry Vanhook, Allen Benefield, M.C. Shadwick, and Gerald Oliver, individually and as members of the Board of Education of Independent School District No. 67 of Leflore County, Oklahoma; Rosenstein, Fist and Ringold, a professional corporation; and John G. Moyer, Jr., individually and as a member of the firm of Rosenstein, Fist and Ringold, a professional corporation, Appellees.

No. 70325.

Court of Appeals of Oklahoma, Division No. 3.

July 18, 1989.

Rehearing Denied Sept. 12, 1989.

Certiorari Denied March 27, 1990.

Whit Pate, Poteau, for appellant.

Jim T. Priest & Edward D. Hasbrook, McKinney, Stringer & Webster, P.C., Oklahoma City, for appellee Pebsworth.

G. Scott Ray, Foliart, Huff, Ottaway & Caldwell, Oklahoma City, for appellees Vanhook, Benefield, Shadwick & Oliver.

Michael Burrage, Stamper, Otis & Burrage, Oklahoma City, for appellees Rosenstein, Fist & Ringold, P.C., & Moyer.

## MEMORANDUM OPINION

BAILEY, Chief Judge:

Appellant seeks review of the Trial Court's orders granting motions for summary judgment/dismiss to Appellees in Appellant's action under 62 O.S.1981 §§ 372, 373, to recover for alleged illegal payments to Appellee Pebsworth (Pebsworth) by Appellee Board of Education (Board), and to recover for alleged conspiracy by and between the individual Board members Jerry Vanhook, Allen Benefield, M.C. Shadwick, and Gerald Oliver (Members), and Appellees Rosenstein, Fist & Ringold, P.C., and Moyer (Lawyers).

Appellee Pebsworth was employed by Board as superintendent of schools. Pebsworth held a provisional Superintendent's Certificate from the State Board of Education which expired June 30, 1985, and had applied for a standard Superintendent's Certificiate upon his completion of the educational requirements therefor in July, 1985. Pebsworth's application was apparently lost in the process, and in January, 1986, the State Board issued Pebsworth a standard Certificate. The State Board later granted Pebsworth a standard Certificate in July, 1986, effective July 1, 1985. Pebsworth remained employed· by Appellee Board throughout the period.

In January, 1986, Appellant filed a demand letter with Board under 70 O.S.1981 § 5–126, demanding recovery of Pebsworth's salary for the period during which Pebsworth did not hold a valid Superintendent's Certificate and for statutory penalty. In February, 1986, Appellant filed a second demand letter under 62 O.S.1981 §§ 372, 373, seeking recovery of the alleged illegally paid salary and statutory penalty.

Board and Members, represented by Lawyers, and Pebsworth then commenced a "friendly" suit in February, 1986, seeking recovery of Pebsworth's alleged illegally paid salary, and Pebsworth counterclaimed for services rendered based on quantum meruit (Case I). In June, 1986, Appellant commenced the instant action (Case II), seeking recovery of Pebsworth's salary and statutory penalty under 62 O.S.1981 §§ 372, 373, and actual and punitive damages for alleged conspiracy between the individual Members, Board and Lawyers in the prosecution of the "sham" Case I. In July, 1986, Appellees Board, Members and Lawyers filed their joint motion to dismiss Case II, alleging failure to state a claim, another action pending (Case I), lack of jurisdiction and Appellant's lack of capacity to sue. Pebsworth joined in the motion by separate pleading.

In September, 1986, the Court entered judgment for Pebsworth in Case I. Appellant then moved to disqualify Appellees' attorney, alleging patent conflict of interest between Board, Members and Lawyers. In February, 1987, the Trial Court denied the motion to disqualify. In July, 1987, the Court granted Appellant's motion to file amended petition, and in August, Lawyers refiled their motion to dismiss based on the conclusive nature of Case I, and asserting that Lawyers were not proper parties to Case II under § 373. Pebsworth filed his

motion for summary judgment based on Case I. Board and Members subsequently joined in Pebsworth's motion for summary judgment.

Appellant responded, alleging material and controverted fact issues as to the "sham" nature of Case I, and attached the affidavits of (1) a newspaper reporter who wrote a story on the "friendly" Case I, and (2) an attorney who opined that Case I was not diligently prosecuted, that Case I was indeed a "sham" and a fraud on the taxpayers, and that Lawyers were guilty of gross malpractice. The Trial Court granted summary judgment to Board and Members, finding that Pebsworth held a valid, albeit retroactive Certificate of qualification, that the issue of Pebsworth's certification was determinative of the action, and further granted Lawyers' motion to dismiss, finding Lawyers not proper parties under 62 O.S.1981 § 372.

In this appeal from the Trial Court's orders, Appellant alleges error (1) in granting summary judgment in the face of conflicting evidence of the "sham" nature of Case I, (2) in denying Appellant's motion to disqualify Appellees' attorney for conflict of interest, (3) in recognizing Pebsworth's retroactive superintendent's certificate, and (4) in dismissing Lawyers as improper parties under § 373.

Under the circumstances of this case, we find no error in the Trial Court's orders. In her response to summary judgment, Appellant failed to controvert the existence of Pebsworth's valid, albeit retroactive Superintendent's Certificate issued by the State Board of Education. The Trial Court in Case I found Pebsworth's retroactive Superintendent's Certificate valid, and we find no authority that the State Board may not deviate from its own regulations in the exercise of the State Board of Education's authority and discretion. Cf. *State of Oklahoma ex rel. Ekberg,* 613 P.2d 466 (Okl.1980) (Board may not deviate from *legislatively* mandated requirements); and, 70 O.S. Supp.1986, § 3–104(9) (Board granted full and exclusive authority in all matters pertaining to standards of qualification and certification). There was no conflict of interest between Members, Board and Pebsworth, as all were aligned together in opposition to Appellant's claim. Cf. *State of Oklahoma ex rel. Oklahoma Bar Association v. McNaughton,* 719 P.2d 1279 (Okl.1986) (counsel may not represent persons postured in forensic combat). The fact that Appellees joined in the "friendly" Case I does not in and of itself establish that Case I was a "sham." See, e.g., *McKee v. Producers and Refiners Corp.,* 170 Okl. 559, 41 P.2d 466 (1946) (fact that parties were not in antagonistic position in former lawsuit does not rob prior judgment of its validity.) Notwithstanding the affidavit of an attorney submitted by Appellant supporting her claim of the "sham" nature of Case I, we believe that reasonable men would not differ on the efficacy and propriety of the prosecution and resolution of Case I. As we believe summary judgment was properly granted in this case, we also believe that Lawyer's motion to dismiss was properly granted, and for these reasons, the Trial Court's orders should be and hereby are AFFIRMED.

HANSEN, P.J., and REYNOLDS, J., concur.